**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT FLORIDA**
**WEST PALM BEACH DIVISION**

ALARM GRID, INC.,

Plaintiff,

v.

ALARM CLUB.COM, INC. d/b/a GEOARM SECURITY,

Defendant.

CASE NO.: 9:17-cv-80305

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

ALARM GRID, INC., through its undersigned attorneys, Duane Morris LLP, brings suit against ALARM CLUB.COM d/b/a GEOARM SECURITY, and for its Complaint alleges as follows:

## SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1) and 501. Alarm Grid, Inc. seeks compensatory or statutory damages, in an amount to be established at trial, and reimbursement of its costs including attorneys' fees, under the Copyright Act. Alarm Grid, Inc. further seeks permanent injunctive relief in order to bring to an end Alarm Club.com, Inc. d/b/a Geoarm Security's multiple and repeated acts of infringement of Alarm Grid, Inc.'s exclusive copyrights.

## PARTIES

2. Alarm Grid, Inc. ("***Plaintiff***"), is a successful provider of alarm monitoring services and manages a popular website for people who want to install those devices on a do-it-

yourself basis. Plaintiff's principal place of business is located at 4699 North Federal Highway, Suite 209A, Lighthouse Point, Florida 33064.

3. Alarm Club.com, Inc. d/b/a Geoarm Security ("***Defendant***"), is a competing alarm monitoring service provider that sells many of the same products and services offered by the Plaintiff. Defendant's principal place of business is located at 1133 Old Okeechobee Road, West Palm Beach, Florida 33401.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the United States Copyright Act. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper because Defendant maintains its business in this forum, including management of the website through which the copyright infringements at issue were committed. Additionally, Defendant conducts ongoing business and has committed a tort in this forum. Specifically, the copyright infringement underlying this lawsuit was committed in the course of Defendant's operating and maintaining a website to promote its business activities, which are headquartered in this forum.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims asserted herein occurred in the Southern District of Florida.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. Plaintiff is an alarm monitoring, sales and service company that targets consumers who may be willing to purchase and install such systems on a do-it-yourself basis.

8. Plaintiff created a website designed to provide a wealth of helpful information about alarm products for purchase and installation, among other topics, and displays that information in a manner intended to instill a sense of confidence in consumers that they can understand those products and take on a do-it-yourself installation. These promotional and informative aspects of Plaintiff's website, in turn, help drive sales of its alarm monitoring services.

9. In furtherance of its efforts to present alarm equipment and information to consumers in a helpful, informative, and confidence-inducing manner, Plaintiff undertook to obtain the creation of a series of photographs of alarm equipment being displayed in a manner to highlight aspects of the equipment Plaintiff determined were important to do-it-yourself home installers. Plaintiff uploaded and used these photographs on its website in a manner fitting with its overall sales and promotional efforts as described above.

10. Among that series of photographs is a photograph of two creatively and informatively posed pieces of a Honeywell alarm product that are displayed in manner designed to provide instructive information to do-it-yourself customers, which Plaintiff referred to as photograph 46PHP022 (the "***Copyrighted Work***"). A true and accurate copy of the Copyrighted Work is attached hereto as **Exhibit A.**

11. Plaintiff had the alarm equipment that is displayed in the Copyrighted Work opened up for that photograph in order to show aspects of the equipment that a customer likely would confront when making an installation. Plaintiff did not believe that other photographs of this equipment that were available to consumers displayed these important aspects. Plaintiff also believed that the high quality and resolution of the photograph distinguished it from other photographs of the same equipment available to consumers.

12. Plaintiff registered the Copyrighted Work, (along with other photographs in the series of photographs described above) under Copyright Registration VAu 1-215-644, titled "46 Photographs of Honeywell Products, 46PHP001 – 46PHP046," with the effective date of November 6, 2014. A true and accurate copy of the Copyright Office Registration applicable to the Copyrighted Work is attached hereto as **Exhibit B.**

13. Plaintiff is the exclusive owner of all rights, title, and interests, including the exclusive copyrights, in and to the Copyrighted Work.

14. Defendant, for its part, is a competing alarm monitoring company that targets the same audience of do-it-yourself alarm installers willing to purchase alarm equipment and purchase monitoring and/or related services. In connection with those competing commercial operations, Defendant owns and operates a website found at the principal URL http://www.alarmclub.com/, with numerous URLs for supporting pages associated with that website.

15. Plaintiff has discovered on more than one occasion over the years that Defendant has copied aspects of its sales and promotional designs and strategies in an effort to compete with Plaintiff's creative and successful approaches to alarm products and alarm monitoring services to potential do-it-yourself installers.

16. In late 2015, Plaintiff discovered that Defendant was infringing Plaintiff's exclusive copyrights in eight of the photographs described above, not including the Copyrighted Work, by reproducing and displaying those photographs on Defendant's website for Defendant's own commercial purposes, without any authority, permission or license from the Plaintiff.

17. On January 28, 2016, Plaintiff served a letter on Defendant notifying it of the infringements Plaintiff had discovered and demanding that Defendant cease those infringements

and pay compensation for the violations of Plaintiff's exclusive copyrights in those photographs. Plaintiff's letter identified the four Copyright Registrations covering the eight works Defendant was infringing at that time, one of which was VAu 1-215-644, the copyright registration also covering the Copyrighted Work at issue in this case.

18. Subsequent to Plaintiff's January 28, 2016 demand letter, Defendant removed from its website the eight copyrighted works being infringed at that time.

19. In November 2016, Plaintiff discovered that Defendant again infringed one of its copyrighted works, this time the Copyrighted Work identified above, by reproducing, displaying and distributing the Copyrighted Work on its website without permission, authorization, or license from the Plaintiff (the "***Infringing Works***").

20. Specifically, the Defendant's Infringing Works were found, at a minimum, at the following URLs associated with the Defendant's commercial website:

- http://support.geoarm.com/customer/portal/attachments/679804;
- http://support.geoarm.com/customer/en/portal/articles/2549627-honeywell-5800c2w-installation-instructions; and
- http://support.geoarm.com/customer/en/portal/articles/2549670-honeywell-5800c2w-data-sheet.

21. Copies of screenshots evidencing Defendant's reproductions of the Copyrighted Work and the public display and distribution of its Infringing Works are attached hereto as **Exhibit C**.

22. Defendant's reproduction of the Copyrighted Work and its distribution and public display of the Infringing Works have been without Plaintiff's permission.

23. Upon information and belief, Defendant's Infringing Works were not displayed on its website when it received Plaintiff's January 28, 2016 demand letter informing it of its

infringement of Plaintiff's other eight copyrighted works and the Plaintiff's four Copyright Registrations, including VAu 1-215-644.

24. Defendant's reproduction, public display and/or distribution of the Copyrighted Work after receiving written notice of Plaintiff's Copyright Registration VAu 1-215-644 and its infringement of Plaintiff's copyrights in eight other images, was either willful and intentional infringement of a known violation of Plaintiff's exclusive copyrights, or in reckless disregard of the copyrights it knew Plaintiff owned in photographic images very similar to the Infringing Works it chose to reproduce and display on its website.

25. Despite having been informed of its infringement of eight copyrighted works owned by the Plaintiff, Defendant failed to take any action to determine that it had the right to reproduce the Copyrighted Work, or to display or distribute the Infringing Works, before posting the Infringing Works to its website.

26. Defendant profited from its reproduction of the Copyrighted Work and public display and distribution of the Infringing Works.

27. Despite demand, Defendant refuses to pay any compensation to the Plaintiff for its unauthorized reproduction of the Copyrighted Work or its use of the Infringing Works on its commercial website.

## COUNT I: COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101, *et seq.*)

28. Plaintiff re-alleges paragraphs 1 through 27 above and incorporates them by reference as if fully set forth herein.

29. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, entitled to the full protection of the United States copyright laws.

Plaintiff exclusively owns all rights, title and interest in and to the copyrights in the Copyrighted Work.

30. Defendant has infringed and violated Plaintiff's exclusive rights in the Copyrighted Work in violation of the Copyright Act, 17 U.S.C. § 501, *et seq*., by reproducing the Copyrighted Work and by distributing and publicly displaying the Infringing Works.

31. Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work has been willful and deliberate and Defendant has profited from its infringement at the expense of the Plaintiff.

32. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in an amount to be determined at trial up to a maximum of $150,000.00. Alternatively, at Plaintiff's option, Plaintiff is entitled to recover its actual damages, pursuant to 17 U.S.C. § 504(b), in an amount to be determined at trial, plus disgorgement of Defendant's direct and indirect profits with a nexus to Defendant's infringements of Plaintiff's exclusive rights in the Copyrighted Work.

33. Plaintiff is entitled to recover its costs of this litigation, including without limitation its attorneys' fees, pursuant to 17 U.S.C. § 505.

34. Defendant's infringing conduct has caused substantial injury to the Plaintiff and any additional infringing conduct would cause irreparable harm to the Plaintiff.

35. Defendant's multiple infringements, first of eight copyrighted photographs and now a ninth copyrighted photograph even though it had received Plaintiff's notice and demand letter in January 2016 identifying the first eight infringements, indicates an intention to continue infringing Plaintiff's copyrights in order to promote and benefit its competing business and

creates a substantial risk that Defendant will continue to infringe Plaintiff's exclusive copyrights in the Copyrighted Work and its other, similar photographs, in order to obtain a competitive advantage and to profit at the Plaintiff's expense.

36. Plaintiff has no adequate remedy at law to end this ongoing risk Defendant poses to its exercise of exclusive rights in the Copyrighted Work. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement by the Defendant of Plaintiff's exclusive copyrights, including its rights in the Copyrighted Work.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant as follows:

A. A declaration that Defendant has infringed Plaintiff's exclusive rights in the Copyrighted Work under the Copyright Act;

B. A declaration that Defendant's infringement has been willful;

C. An award of Plaintiff's actual damages caused by, and disgorgement of Defendant's direct and indirect profits in connection with, Defendant's copyright infringement under 17 U.S.C. § 504(b) in amounts to be determined at trial;

D. Alternatively, at Plaintiff's election, an award of statutory damages under 17 U.S.C. § 504(c)(2) in an amount to be determined at trial up to a maximum of $150,000.00, based on Defendant's willful infringement of the Copyrighted Work, or an amount to be determined at trial up to a maximum of $30,000.00, should the Defendant's infringement be determined to be non-willful, pursuant to 17 U.S.C. § 504(c)(1);

E. An award of Plaintiff's costs and expenses incurred in this action to enforce its copyrights in the Copyrighted Work, including its reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

F. An award of interest, including pre-judgment interest, on all damages awarded;

G. Permanently enjoining Defendant, its employees, agents, successors, affiliates, assigns, and all those in active concert and participation with Defendant, from: (1) directly, indirectly or contributorily infringing any of Plaintiff's exclusive copyrights; or (2) continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work; or (3) participating or assisting in any such activity; and

H. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Rule 38, Federal Rules of Civil Procedure.

Dated: March 9, 2017

Respectfully Submitted,

**DUANE MORRIS LLP**

By: /s/ Julian A. Jackson-Fannin
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
200 South Biscayne Boulevard
Suite 3400
Miami, Florida 33131-2318
Telephone: (305) 960-2253
Facsimile: (305) 402-0544
Email: jjfannin@duanemorris.com

*Counsel for Plaintiff, Alarm Grid, Inc.*