UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80305-CV-MARRA/MATTHEWMAN

ALARM GRID, INC.,

    Plaintiff,

vs.

ALARM CLUB.COM, INC. D/B/A
GEOARM SECURITY,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION CHALLENGING DEFENDANT'S CONFIDENTIAL DESIGNATION AND FOR ATTORNEY'S FEES AND COSTS [DE 95]

**THIS CAUSE** is before the Court upon Plaintiff, Alarm Grid, Inc.'s ("Plaintiff") Motion Challenging Defendant's Confidential Designation and for Attorney's Fees and Costs [DE 95]. This matter was referred to the undersigned upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 17. Defendant, Alarm Club.com, Inc. filed a Response in Opposition to Plaintiff's Motion Challenging Defendant's Confidential Designation [DE 97]. Plaintiff filed a Reply [DE 106]. The matter is now ripe for review.

I.     BACKGROUND & PROCEDURAL HISTORY

This case arises from a copyright dispute concerning a single photograph of a Honeywell alarm product that was displayed on Defendant's website for approximately six months. Plaintiff alleges that the photograph posted by Defendant was its own copyrighted image. On February 7, 2017, Plaintiff delivered a demand letter to Defendant seeking removal of the picture and a

1

demand of $50,000 in damages. [DE 86]. Defendant removed the photo from its website on the date of receiving the demand letter. *Id.* Defendant's counsel instructed Defendant to investigate the circumstances of the picture and to find out the date it was posted on the website. *Id.* Defendant refused to pay any of the requested payment to Plaintiff, and Plaintiff filed its Complaint in the instant action on March 9, 2017. [DE 1].

On March 19, 2017, an employee of Defendant called a copyright service agent by the name of Image Rights International, Inc., allegedly in an attempt to find out when the picture at issue had been posted on its website. [DE 86]. This phone call was recorded, and in response to Plaintiff's discovery requests, Defendant listed the telephone recording on its amended privilege log. Defendant described the recording as a "conversation between Alarm Club and Image Rights International, Inc., concerning whether Image Rights could determine the date of the first posting of any image or whether it can only identify the date of their discovery of any image." *Id.*

On October 4, 2017, Plaintiff filed its Motion to Compel Discovery Responses, and for Attorney's Fees and Costs [DE 45]. In the motion to compel, Plaintiff argued that Defendant should be compelled to produce the recording of the phone call with Image Rights International, Inc., who also serves as Plaintiff's copyright enforcement agent. [DE 45, pg. 2]. The recording was listed on Defendant's amended privilege log. [DE 45-3]. Defendant objected to Plaintiff's request by asserting that the recording is protected by the work product privilege. *Id.* The Court initially agreed with Defendant's objection and denied Plaintiff's Motion to Compel the recording, finding that the recording was protected by work-product privilege because it was created in anticipation of litigation. [DE 58].

On November 3, 2017, Plaintiff filed its Motion for Partial Reconsideration [DE 59] arguing

that the recording was not protected by work-product privilege, or in the alternative, that the recording was discoverable under either exception to Fed. R. Civ. P. 26(b)(3). Defendant filed its Response in Opposition to Plaintiff's Motion for Reconsideration [DE 62] on November 17, 2017. On January 3, 2018, after careful review of the parties' papers, the Court entered an Order requiring the *ex parte* submission of the recording at issue for *in camera* review by the Court. [DE 78]. On January 8, 2018, Defendant submitted the audio recording. The Court determined that the recorded phone call at issue was not protected by the work-product privilege, and found that even if the call was created in anticipation of litigation and was protected by the work-product privilege, Plaintiff demonstrated a substantial need for the recording. [DE 86]. The Court ordered Defendant to produce a copy of the recording on or before Wednesday, January 17, 2018. *Id.* Pursuant to the Court's Order, Defendant produced a copy of the recording to Plaintiff on January 17, 2018, and designated the recording as "Confidential" pursuant to the parties Confidential Information and Documents Stipulation. [DE 60-1].

II.  CONFIDENTIALITY AND PROTECTIVE ORDER

Significant to the instant Motion, the parties entered into a Confidential Information and Documents Stipulation [DE 60-1], a confidentiality and protective order which sets forth the procedures to be followed by the parties in regards to the potential disclosure of certain confidential materials during the course of discovery.

The Stipulation provides in relevant part, in section 5:

"For purposes of this Stipulation, "CONFIDENTIAL MATERIAL" means and includes all non-public, confidential or proprietary information or material, whether personal or business related, which is produced for or disclosed to a receiving Party that a Party believes in good faith to constitute confidential or sensitive information, including, but not limited to, trade secrets, proprietary research, design, development, financial, technical, marketing, planning, personal, or commercial information. CONFIDENTIAL MATERIAL may be embodied in,

3

among other things, physical objects, documents (whether in hard copy or computer readable form), deposition testimony, interrogatory answers, responses to requests for admission and/or production, or the factual knowledge of persons (collectively, "Discovery Materials"). CONFIDENTIAL MATERIAL must be so designated by the producing Party in the manner set forth hereinafter, or otherwise agreed to in writing by the Parties. Discovery Materials designated CONFIDENTIAL MATERIAL shall be available only to those persons identified in Paragraph 9, below."

III. MOTION, RESPONSE, AND REPLY

On February 3, 2018, Plaintiff filed the instant Motion Challenging Defendant's Confidential Designation and for Attorney's Fees and Costs. [DE 95]. First, Plaintiff argues that the content of the recording does not qualify as Confidential Material as defined in the Stipulation. [DE 95, pg. 4]. Plaintiff also argues that the recording cannot constitute a proprietary trade secret because of the nature of the recording. *Id.* Because the recording was of a conversation between Defendant and Image Rights, the Image Rights representative contributed to the content of the recording, and Defendant disclosed any "secret" information to Image Rights during the call and the creation of the recording. *Id.* Second, Plaintiff argues that Defendant waived any claim of confidentiality because it directly participated in and knowingly disclosed the full content of its employee's statements when the employee placed the call to Image Rights. *Id.* Finally, Plaintiff argues that Defendant is labeling the recording as "Confidential" in order to avoid disclosure of evidence of Defendant's own criminal behavior. *Id.* Plaintiff cites to Rules Regulating the Florida Bar, Rules of Professional Conduct, Rule 4-4.1, which states that in the course of representing a client, a lawyer shall not knowingly "fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by rule 4-1.6." [DE 95, pg. 5]. Plaintiff argues that in light of this

4

rule, Defendant's counsel cannot ethically designate the recording as "confidential" solely to conceal evidence of Defendant's criminal behavior. *Id.*

Defendant filed its Response [DE 97] on February 6, 2018. In response, Defendant argues that the Motion is untimely, because Plaintiff challenged the confidential designation of the recording on January 17, 2018, and therefore, pursuant to the Confidentiality Stipulation, had to confer with Defendant within seven days. [DE 97, pg. 2]. However, Defendant alleges that the parties did not confer until January 29, 2018; twelve days after Plaintiff challenged the designation. *Id.* Defendant further argues that although Counsel Cowley was unavailable for a conference due to a bench trial in the United States District Court for the Southern District of New York, his co-counsel Julian Jackson-Fannin was not counsel in the New York case and could have conferred with Defendant's counsel, thus making the filing of the Motion untimely. *Id.*

Defendant next argues that the recording is properly designated as confidential because it is derived from Defendant Alarm Club's business activities, and qualifies under Paragraph 5 of the Confidentiality Stipulation as "trade secrets, proprietary research, design, development, financial, technical, marketing, planning, personal, or commercial information. [DE 97, pg. 3, citing DE 60-1]. Defendant claims that because it called ImageRights, Inc. to determine aspects of how images are discovered online, the recording of the phone call qualifies as a business activity because it "embodies proprietary research, business design and development, and technical, marketing, and commercial planning. [DE 97, pg. 3]. Defendant also maintains that the recording is protected under the work-product privilege. *Id.*

Defendant also claims that the recording should remain confidential because it is irrelevant to the claims remaining for adjudication, and would solely serve to "harass Alarm Club." [DE 97, pg. 4]. Defendant further argues that ImageRights, Inc. has a business relationship with Plaintiff's counsel and a financial stake in the outcome of this litigation, and therefore Plaintiff's motive behind challenging the confidential designation of the recording is to harass Alarm Club and advance the business interests of ImageRights, Inc. [DE 97, pgs. 4-5].

Defendant also argues that Florida Rules of Professional Conduct 4-4.1 and 4-1.2 are inapplicable in the instant matter because the rules only apply when counsel is assisting its client in the furtherance of an ongoing criminal and/or fraudulent activity, which did not occur here. [DE 97, pg. 5]. Defendant adds that these rules pertain to a failure to disclose, and Alarm Club properly disclosed the recording on its privilege log during discovery. *Id.* Finally, Defendant argues that Plaintiff's request for attorney's fees is improper under Fed. R. Civ. P. 37(a)(5).

In its Reply [DE 106] filed on February 22, 2018, Plaintiff argues that its Motion is timely because the Stipulation states that "the receiving Party may challenge the designation by filing a motion within (7) business days following" the meet-and-confer between the parties. [DE 106, pg. 2]. Plaintiff argues that because it filed the Motion on February 3, 2018, five days after the parties' conferral, on January 29, 2018, the Motion is within the limits set by the Stipulation and therefore is timely. *Id.* Plaintiff contends that the recording does not constitute confidential material because the call details ImageRights, Inc.'s business model, rather than the business model of Defendant Alarm Club. [DE 106, pg. 3]. Plaintiff argues that it was *ImageRight's* representative who revealed *ImageRight's* business function, techniques, and commercial operations, rather than Alarm Club. *Id.* Thus, the recording should not qualify as confidential

6

material under the stipulation. *Id.* Plaintiff also argues that the recording is not work-product, as previously determined by the Court. [DE 106, pgs. 3-4]. Plaintiff claims that Defendant's assertion to the contrary ignores the Court's previous ruling and is sanctionable under Rule 11. [DE 106, pg. 4].

Plaintiff next argues that Defendant has failed to meet its burden to demonstrate good cause to maintain the confidential designation of the recording. [DE 106, pg. 4]. Plaintiff claims that Defendant's conduct in the instant litigation is "directly relevant to the Court's consideration of the level of 'willfulness' in setting statutory damages." *Id.* Plaintiff adds that public policy in disclosing Defendant's conduct regarding the phone call weighs "in favor of disclosure and against Defendant's purported claim of 'harassment.'" [DE 106, pg. 5].

Finally, Plaintiff argues that Florida Rules of Professional Conduct 4-4.1 and 4-1.2 apply because Defendant's counsel is purposely withholding material facts from a third-person, ImageRights, Inc., that directly bear on the commission of a crime by Defense counsel's client. *Id.* Plaintiff also claims that Federal Rule of Civil Procedure 37 indeed allows for the award of attorney's fees for a party's failure to "obey a protective order's prohibition against indiscriminate designations." *Id.*

IV. ANALYSIS

A. **Timeliness of the Challenge**

While the Court could feasibly find that the parties' failure to confer within seven days after the receiving party (Plaintiff) challenged the confidential designation, pursuant to Paragraph 8(b) of the parties' Confidentiality Stipulation [DE 60-1], the Court would prefer, under the specific facts of this case, to determine the issue on its merits.

7

## B. Propriety of the Confidentiality Designation

The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the judicial process. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (citing *Richmond Newspapers,* 448 U.S. at 564–74, 100 S.Ct. at 2821–26). Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents. *In re Alexander*, 820 F.2d at 355 (citing *Nixon v. Warner Comm., Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). However, the Eleventh Circuit has observed that documents collected during discovery are not to be considered 'judicial records.' *United States v. Anderson,* 799 F.2d 1438, 1441 (11th Cir.1986). Thus, while a party may enjoy the right of access to pleadings, docket entries, orders, affidavits or depositions duly filed, the common-law right of access does not extend to information collected through discovery which is not a matter of public record. *See In re Alexander*, 820 F.2d at 355; *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33, 104 S.Ct. 2199, 2207, 81 L.Ed.2d 17 (1984); *Anderson,* 799 F.2d at 1441; *United States v. Gurney,* 558 F.2d 1202, 1209 (5th Cir.1977), *cert. denied sub nom., Miami Herald Publishing Co. v. Krentzman,* 435 U.S. 968, 98 S.Ct. 1606, 56 L.Ed.2d 59 (1978).

The Federal Rules of Civil Procedure permit a court, upon motion of either party, to enter a protective order that requires a trade secret, or other confidential research, development, or commercial information, to remain confidential, or to be revealed only in a specified way during the course of litigation. *See* Fed. R. Civ. P 26(c)(1)(G). In the instant case, the parties have entered into a stipulated umbrella protective order, which has become standard practice in many

civil cases. [DE 60-1]. Umbrella protective orders allow parties to designate particular documents as confidential and subject the documents to protection under Federal Rule of Civil Procedure 26(c)(7). *See* Fed. R. Civ. P. 26(c)(7); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001). This method replaces the need to litigate the claim to protection document by document, and postpones the necessary showing of "good cause" required for entry of a protective order until the confidential designation is challenged. *Chicago Tribune Co*, 263 F.3d at 1307 (citing *In re Alexander Grant and Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)).

However, if a party challenges the confidentiality of particular documents pursuant to the umbrella protective order, the party making the designation then has the burden of justifying the designation by demonstrating good cause. *Id.* In order to demonstrate "good cause" under Rule 26(c)(1)(G), the party seeking protection must show that (1) the information sought is a trade secret or other confidential information; and (2) the harm caused by its disclosure outweighs the need of the party seeking disclosure. *Sumner v. Biomet, Inc.*, No. 7:08-CV-98(HL), 2010 WL 11519199, at *2 (M.D. Ga. July 22, 2010) (citing 6 *Moore's Federal Practice*, § 26.105[8][a]).

Having reviewed the disputed recording *ex parte* on January 8, 2018, and having considered the parties' arguments, the Court finds that Defendant has appropriately designated the recording as confidential, at this stage of the case, under the confidentiality and protective order. The recording was solely produced in connection with Plaintiff's Motion to Compel [DE 45] and therefore, the recording is considered discovery material and is not subject to the common-law right of access. *In re Alexander Grant*, 820 F.2d at 356, *supra.* The recording has not been entered into evidence in this case at this juncture, and is not a matter of public record.

And while Defendant has the burden to demonstrate that there is good cause for the recording to remain confidential, the Court finds that Defendant has met its burden. Defendant maintains that the recording is that of a business activity—a phone call—conducted in order to investigate how certain images are discovered online. Defendant argues that it has an interest in keeping a recorded telephone conversation between its representative and the representative of another company private because it constitutes proprietary research, and technical marketing, and commercial planning. Further, Plaintiff has solely stated that it wants to give the recording to ImageRights, who is not a party to this action. In balancing Defendant's request to keep the recording confidential at this juncture of the case with Plaintiff's desire to deem the recording non-confidential so it can share the recording with non-party ImageRights, Inc., the Court finds that the recording should remain confidential.

Should the recording be introduced into evidence at a future date, or be relied upon in good faith in regards to a substantive motion, then the propriety of the confidential designation can be reconsidered by the Court at that time. This is so because material filed in conjunction with pretrial motions that require judicial resolution of the merits is subject to the common-law right of access to public records in civil actions. *See Chicago Tribune Co.,* 263 F.3d at 1312. Currently, the recording is merely discovery material, and the confidentiality designation shall remain unless and until the Court orders otherwise at a later point in this litigation.

### C. Work-Product Privilege of the Recording

The Court has considered at length whether the recording in question is protected by the work-product privilege, and has previously examined the testimony of Joseph Rosenthal in its January 12, 2018 Order Granting Plaintiff's Motion for Partial Reconsideration of the Court's

Omnibus Discovery Order [DE 86]. The Court has already determined that the phone call is relevant, discoverable, and that it is not covered by the work-product privilege. *See* DE 86, pg. 11. The Court will not reconsider the issue in regards to the instant Motion.

### D. Applicability of Florida Rules of Professional Conduct 4-4.1 and 4-1.2

Florida Rule of Professional Conduct 4-4.1 states:

In the course of representing a client a lawyer shall not knowingly:

(a) make a false statement of material fact or law to a third person; or
(b) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by rule 4-1.6.

Florida Rule of Professional Conduct 4-1.2(d) states:

**(d) Criminal or Fraudulent Conduct.** A lawyer must not counsel a client to engage, or assist a client, in conduct that the lawyer knows or reasonably should know is criminal or fraudulent. However, a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning, or application of the law.

Neither of these rules applies in the instant case. While it is true that the Court previously observed that "there are some indications that the recording may have been made in violation of Florida law" [DE 86, pg. 11], Defendant's counsel did not fail to disclose any material fact to "avoid assisting a criminal or fraudulent act by a client." Defendant's counsel properly disclosed the recording on its amended privilege log during discovery. *See* DE 45-3, pg. 3. As explained above, the Court has determined that Defendant has properly designated the recording as "Confidential" at this phase of the proceedings.

### V. CONCLUSION

Defendant has demonstrated that there is good cause to designate the recording at issue as "Confidential" during the discovery phase of litigation. The Court finds that Defendant's

11

designation of "Confidential" shall be permitted pursuant to the parties' Confidentiality Stipulation. [DE 60-1]. For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion Challenging Confidential Designation and for Attorney's Fees and Costs is **DENIED**.

Plaintiff's request for attorney's fees is **DENIED**. In this circumstance, the Court finds that an award of legal expenses to either party pursuant to Federal Rule of Civil Procedure 37(a)(5) would be unjust.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of March, 2018.

*William Matthewman*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE